**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| EYANDE MICHELLE OGAN, | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO._____ |
| v. | § § | |
| HOMESITE INSURANCE COMPANY | § § § | On removal from the 169th Judicial District Court of Bell County, Texas |
| Defendant. | § § | Cause No. 23DCV340680 |

**DEFENDANT, HOMESITE INSURANCE COMPANY'S, NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, Defendant, Homesite Insurance Company ("Homesite"), files this Notice of Removal of this action from the 169th Judicial District Court of Bell County, Texas to the United States District Court for the Western District of Texas, Waco Division.[1] In support of this removal, Homesite states as follows:

**INTRODUCTION**

1. Homesite issued a Texas Homeowners' Insurance Policy to Eyande Michelle Ogan ("Plaintiff"). Plaintiff own the insured property, located at 4405 Fieldcrest Dr, Killeen, Texas 76549 ("the Property"). Plaintiff alleges damage to the Property due to a hail and windstorm which occurred on or about October 24, 2022. Plaintiff submitted a claim to Homesite against the policy for damages to the Property as a result of the incident.

2. On August 8, 2023, Plaintiff filed suit against Homesite in the 169th Judicial District Court of Bell County, Cause No. 23DCV340680, styled *Eyande Michelle Ogan v. Homesite*

---

[1] Homesite files this Notice of Removal without waiver of any claims or defenses including, but not limited to, any objection to this Court's assertion of personal jurisdiction over Homesite in this matter. *See, e.g., Alliantgroup, L.P. v. Feingold,* No. H- 90-0479, 2009 WL 1109093, at *6 (S.D. Tex. April 24, 2009) (personal jurisdiction objection may be raised after removal).

*Insurance Company.* (EXHIBIT B). Plaintiff served Homesite with the petition on or about August 18, 2023. *Id*. Plaintiff's Original Petition alleges breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), and breach of the duty of good faith and fair dealing. *Id*. Plaintiff requests monetary relief in excess of $250,000. *Id*. On September 9, 2023, Homesite filed an answer and jury demand. (EXHIBIT C).

3. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1332. Plaintiff resides in Texas and is a citizen of the State of Texas. (EXHIBIT B). Homesite is a citizen of Wisconsin. (EXHIBIT D). Thus, Plaintiff is diverse in citizenship from Homesite.

4. Regarding the amount in controversy, Plaintiff's petition seeks to recover only monetary relief in excess of $250,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. (EXHIBIT B). As such, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

## BASIS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1332, this action could have been filed in this Court in that there is complete diversity of citizenship between Plaintiff and Homesite and the amount in controversy exceeds $75,000.

**A.   Complete Diversity of Citizenship Exists Between Plaintiff and Homesite.**

6. Plaintiff resides in Bell County, Texas, rendering him a citizen of the State of Texas. (EXHIBIT B). Homesite is a Wisconsin company authorized to engage in the insurance business in Texas, rendering it a citizen of the State of Wisconsin pursuant to 28 U.S.C. § 1332 (c)(1). *(*EXHIBIT D).

**B.      Plaintiff Requests an Amount in Excess of the Jurisdictional Minimum.**

7.      In addition to the citizenship requirements, 28 U.S.C. § 1332(a) provides that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…."

8.      Plaintiff's Original Petition alleges damages in excess of $250,000.  (EXHIBIT B). Plaintiff alleges exemplary and treble damages based on violations of the Texas Insurance Code, DTPA, and breach of the duty of good faith and fair dealing.  *Id*.  Therefore, the amount in controversy is greater than $75,000.

**C.      All Other Requirements for Removal Have Been Satisfied.**

9.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of the date on which Homesite was served with the Petition.  (EXHIBIT B). Through the filing of this Notice of Removal, Homesite expressly reserves, and does not waive, any defenses relating to service of process including, but not limited to, insufficient process or insufficient service of process.  *See Padre Nterprises, Inc. v. Rhea*, 2012 WL 1072849, No. 4:11CV674, at *1 (E.D. Tex. Mar. 29, 2012) (defense of improper service is not waived through filing of notice of removal).

10.     Homesite has sought no similar relief with respect to this matter.

11.     Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

12.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

13.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the District Clerk of Bell County, Texas.

14. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

15. In accordance with 28 U.S.C. § 1446 and Local Rule 81, Homesite attaches the following documents as exhibits:

   i. Civil Cover Sheet;

   ii. Index of Matters Being Filed (EXHIBIT A);

   iii. Citation of Service on Defendant Homesite Insurance Company and Plaintiff's Original Petition (EXHIBIT B);

   iv. Defendant's Original Answer and Notice of Application for Jury Trial (EXHIBIT C);

   v. Company Summary from the National Association of Insurance Commissioners; (EXHIBIT D);

   vi. Docket Sheet (EXHIBIT E); and

   vii. List of counsel of record and certificate of interested parties (EXHIBIT F) (there have been no orders signed by the state court judge).

16. The allegations in this Notice of Removal are true and correct, this cause is within the jurisdiction of the United States District Court for the Western District of Texas, and this cause is removable to the United States District Court for the Western District of Texas.

17. The undersigned represents Homesite in this matter.

18. If any questions arise regarding the propriety of the removal of this action, Homesite requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

Respectfully submitted,

**THE HUDGINS LAW FIRM, P.C.**

By: /s/ *Steven F. Hudgins*
Steven F. Hudgins
Attorney in Charge
State Bar Number 00793993
Southern District Bar No. 19623
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Telephone (713) 623-2550
Facsimile (713) 623-2793
shudgins@hudgins-law.com

**ATTORNEY FOR DEFENDANT,
HOMESITE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

Pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Western District of Texas, I certify that service of Defendant Homesite Insurance Company's Notice of Removal on known Filing Users will be automatically accomplished through the Notice of Electronic Filing on the 15th of September 2023.

s/ <i>Steven F. Hudgins</i>_____<br>Steven F. Hudgins